## 26208. MILLER v. SNOW.

DECIDED NOVEMBER 4, 1937.

*R. S. Wimberly,* for plaintiff. *G. Y. Harrell,* for defendant.

BROYLES, C. J. Morgan Miller brought suit against Mrs. Willie Snow for the alleged breach of an implied warranty of title in the sale of an automobile. The court directed a verdict in favor of the defendant; the plaintiff made a motion for new trial which was overruled; and on this ruling the plaintiff assigns error.

The evidence shows that the automobile was sold at public sale under a justice's court execution, and bought by J. T. Snow; that on the same day Snow sold it to the plaintiff, Morgan Miller; that thereafter the sheriff levied on it under a mortgage fi. fa. based on a retention-of-title note duly recorded, and which constituted a lien prior to that under which it was sold to Snow; that the plaintiff saw "the sheriff selling the car or offering it for sale in front of the court house" when it was bought by Snow, though plaintiff was not present at the moment it was knocked off to Snow, as plaintiff had gone away to try to get the money to bid on the car himself. It thus appears that the plaintiff, when he bought the car from Snow, knew that Snow had acquired only such title as the sheriff could convey. The evidence further shows that Snow got the money to pay for the car from Mrs. Snow's account at the bank, promising the banker that he would bring it back during the day, and that he did so and deposited the money to the credit of Mrs. Snow's account. All the above evidence is undisputed.

The only special ground of the motion for a new trial is as follows: "Because the court erred in directing a verdict in favor of the defendant, as the evidence would (as plaintiff contends) have authorized a verdict in favor of plaintiff." There was no evidence to show that Snow had any authority from Mrs. Snow to get the money from her account, or that Snow purchased the car for her, or that he sold the car for her, or that she ratified any of these acts, or that she knew anything about them. On the contrary, the undisputed evidence shows that Mrs. Snow knew absolutely nothing about the transactions. The plaintiff testified: "I bought the car in question from Mr. Snow. . . I bought the car from Mr. Snow and did not see Mrs. Snow." The sheriff testified: "I did not see Mrs. Snow about the matter at all." J. T. Snow testified: "Mrs. Snow did not know anything about the purchase or the sale of the car until this suit was brought." E. E. Humber, the banker, testified: "This check introduced in evidence in this case was filled out by me at Mr. Snow's request in the Farmers State Bank, and he signed it and got the money on it. He said he would bring it back later during the day, and he did bring the money back and deposited it to Mrs. Snow's account. Mrs. Snow was not present and so far as I know knew nothing about the matter." There being no evidence to show that Snow

was authorized to act as Mrs. Snow's agent, or that Mrs. Snow authorized or ratified the buying or selling of the automobile, the court did not err in directing a verdict in her favor, or thereafter in overruling the motion for a new trial.

Judgment affirmed. MacIntyre and Guerry, JJ., concur.